UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PITERLY JACQUES

                      Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
LAZO LLUKA, Shield #22410, POLICE OFFICER
DAVID SAVELLA, Shield #4134
POLICE OFFICERS JOHN/JANE DOE(S) #S 1-10,

                    Defendants.
-------------------------------------------------------------------X

**AMENDED
COMPLAINT**

PLAINTIFF DEMAND
TRIAL BY JURY

16-cv-06272

    Plaintiff PITERLY JACQUES, for his complaint, by his attorney DAVID A. ZELMAN,

ESQ., and upon information and belief respectfully allege as follows:

## I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which Plaintiff PITERLY JACQUES (hereinafter

     "JACQUES"), seeks damages to redress the deprivation, under color of state law, of

     rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the

     United States Constitution. It is alleged that Defendants falsely arrested JACQUES with

     excessive force. As a result of the excessive force used by Defendants, Plaintiff suffered

     physical injuries and garden variety emotional suffering.

## II. PARTIES

2.    Plaintiff JACQUES at all times relevant hereto resided in Brooklyn, NY.

3.    Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation,

     incorporated pursuant to the laws of the State of New York, which operates the New York

     City Police Department (hereinafter "NYPD"), and as such is the public employer of the

     Defendant officers herein.

4.      Defendant POLICE OFFICER LAZO LLUKA, Shield #22410 (hereinafter "LLUKA") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment.  Defendant LLUKA is sued in his official and individual capacity.

5.      Defendant POLICE OFFICER DAVID SAVELLA, Shield #4134 (hereinafter "SAVELLA") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment.  Defendant SAVELLA is sued in his official and individual capacity.

6.      Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.  DOE(S) are sued in their official and individual capacity.

7.      At all relevant times hereto, Defendants were acting under the color of state and local law.  Defendants are sued in their individual and official capacities.  At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## III. FACTS

8.      On or about March 18, 2016, at approximately 8:00p.m., JACQUES, SAVELLA and JOHN DOE were present in the vicinity of the McDonald's parking lot at 57 Empire Boulevard in Brooklyn.

9.   Defendant officers, including but not limited to LLUKA approached plaintiff's car, and ordered plaintiff and his passenger out of the vehicle.

10.   Defendant officers used excessive force while arresting JACQUES.  Defendant officers handcuffed Plaintiff and placed him in a police vehicle. JACQUES was transported to the 71st Precinct.

11.   JACQUES suffered physical injuries, including but not limited to his head, shoulder, and left wrist injuries.

12.   JACQUES was detained in the 71st Precinct for approximately three hours.

13.   While at the 71st Precinct, Defendant officers strip searched Plaintiff.

14.   While Plaintiff was at the 71st Precinct, Defendants conducted an inventory search of Plaintiff's vehicle.

15.   JACQUES was released from the precinct and told he could leave.  Officers placed a summons in his wallet, without telling plaintiff.  The summons, Docket Number 2016SK022945, charged plaintiff with idling his vehicle at the scene of the arrest.  On or about April 27, 2016, the charge against Plaintiff was dismissed.

16.   That heretofore and on the 14th day of April, 2016, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth Plaintiff's name, the nature of the claim, the time and place of the incident, the manner in which the claim arose and the items of damage and injuries sustained.

17.   That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

3

## IV. FIRST CAUSE OF ACTION
Pursuant to §1983 (FALSE ARREST)

18.  Paragraphs 1 through 17 of this complaint are hereby realleged and incorporated by reference herein.

19.  That Defendants had neither valid evidence for the arrest of JACQUES nor legal cause or excuse to seize and detain him.

20.  That in detaining JACQUES without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. JACQUES was but one of those persons.  Plaintiff specifically alleges causes of action pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658.

21.  Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

22.  As a result of the above described  policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

23.  The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of JACQUES's rights alleged herein.

4

24.   By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

25.   By reason of the foregoing, JACQUES suffered physical injuries, garden variety emotional distress, deprivation of liberty and privacy, terror, humiliation and damage to reputation.

### V. <u>SECOND CAUSE OF ACTION</u>
Pursuant to State Law (FALSE ARREST)

26.   Paragraphs 1 through 25 are hereby realleged and incorporated by reference herein.

27.   That the seizures, detentions and imprisonments of Plaintiff were unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

28.   That Defendants intended to confine Plaintiff.

29.   That Plaintiff was conscious of the confinement and did not consent to it.

30.   That the confinements were not otherwise privileged.

31.   By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiff's rights, deprived his of his liberty when they subjected his to an unlawful, illegal and excessive detention, in violation of State law.

32.   That by reason of the foregoing, Plaintiff suffered physical injuries, garden variety emotional distress, economic injury, deprivation of liberty and privacy, terror, humiliation, and damage to reputation.

### VI. <u>THIRD CAUSE OF ACTION</u>
Pursuant to §1983 (EXCESSIVE FORCE)

33.   Paragraphs 1 through 32 are hereby realleged and incorporated by reference herein.

34.     That the incident that resulted from the intentional application of physical force by
        Defendants constituted a seizure. That the use of excessive force in effectuating the
        seizure was unreasonable under the circumstances.

35.     That Defendants had no legal cause or reason to use excessive force.

36.     That Defendants violated JACQUES's Fourth and Fourteenth Amendment rights to be
        free from unreasonable seizures when they used excessive force against him.

37.     That at the time of the seizure, JACQUES did not pose a threat to the safety of the
        arresting officers.

38.     That JACQUES was not actively resisting arrest or attempting to evade arrest.

39.     That Defendant CITY, through its officers, agents, and employees, unlawfully subjected
        JACQUES to excessive force.

40.     That Defendants' actions were grossly disproportionate to the need for action and were
        unreasonable under the circumstances.

41.     That by reason of Defendants' acts and omissions, acting under color of state law and
        within the scope of his authority, in gross and wanton disregard of JACQUES's rights,
        subjected JACQUES to excessive force, in violation of his rights pursuant to the Fourth
        and Fourteenth Amendments of the United States Constitution.

42.     That upon information and belief, in 2016, Defendant CITY had a policy or routine
        practice of using excessive force when effectuating arrests.  Plaintiff specifically alleges
        causes of action pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658.

43.     That upon information and belief, it was the policy and/or custom of Defendant CITY to
        inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and

employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

44. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

45. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of JACQUES's rights alleged herein.

46. By reason of the foregoing, JACQUES suffered physical injuries, garden variety emotional distress, economic injury, trauma, humiliation, terror and damage to reputation.

## VII. FOURTH CAUSE OF ACTION
Pursuant to State Law (EXCESSIVE FORCE)

47. Paragraphs 1 through 46 are hereby realleged and incorporated by reference herein.

48. 5That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

49. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

50. That Defendants had no legal cause or reason to use excessive force in effectuating JACQUES's arrest or after JACQUES was arrested and in custody.

51. That at the time of the arrest, JACQUES did not pose a threat to the safety of the arresting officers.

52. That JACQUES was not actively resisting arrest or attempting to evade arrest.

7

53.   That Defendants actions were grossly disproportionate to the need for action and were

unreasonable under the circumstances.

54.   That by reason of Defendants acts and omissions, Defendants, acting under color of state

law and within the scope of their authority, in gross and wanton disregard of JACQUES's

rights, subjected JACQUES to excessive force while effectuating his arrest, in violation

of the laws of the State of New York.

55.   That Defendants had the opportunity to intervene, and failed to do so, to prevent

violations of JACQUES's civil rights, including but not limited to the right to be free

from the application of excessive force.

56.   By reason of the foregoing, JACQUES suffered physical injuries, garden variety

emotional distress, economic injury, trauma, humiliation, terror and damage to

reputation.

## VIII. FIFTH CAUSE OF ACTION

### Pursuant to State Law (ASSAULT and BATTERY)

57.   Paragraphs 1 through 56 are hereby realleged and incorporated by reference herein.

58.   That Defendants intended to cause harmful bodily contact to Plaintiff.

59.   That Defendants, in a hostile manner, voluntarily caused Plaintiff's injuries.

60.   That Defendants' contact with Plaintiff constituted a battery in violation of the laws of

the State of New York.

61.   That by reason of the foregoing, Plaintiff suffered physical injuries, garden variety

emotional distress,  economic injury, trauma, humiliation, terror and damage to

reputation.

## IX. SIXTH CAUSE OF ACTION
### Pursuant to §1983 (FAILURE TO INTERVENE)

8

62.  Paragraphs 1 through 61 are hereby realleged and incorporated by reference herein.

63.  That Defendants failed to intervene when Defendants knew or should have known that Plaintiff's constitutional rights were being violated.

64.  That Defendants had a realistic opportunity to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence.

65.  That a reasonable person in the Defendants' position would know that Plaintiff's constitutional rights were being violated.

66.  That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they failed to intervene to protect him from Defendants' violation of Plaintiff's civil rights pursuant to the Fourteenth Amendment of the United States Constitution.

67.  That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from constitutional violations by police officers. Thus, as a result of the above described policies and customs, Plaintiff was not protected from Defendants' unconstitutional actions. Plaintiff specifically alleges causes of action pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658.

68.  That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

69.  That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be

properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

70. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of detainees and were the cause of the violations of Plaintiff's rights alleged herein.

71. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

72. That by reason of the foregoing, Plaintiff suffered physical and garden variety emotional distress, traumatic stress, mental anguish, economic damages, damage to reputation, shame, humiliation, and indignity.

## X. SEVENTH CAUSE OF ACTION
### Pursuant to §1983 and State Law (ILLEGAL STRIP SEARCH)

73. Paragraphs 1 through 72 are hereby realleged and incorporated by reference herein.

74. That Defendants strip searched JACQUES absent a requisite reasonable suspicion that JACQUES was concealing weapons and / or contraband.

75. That Defendants had no legally sufficient cause to strip search JACQUES.

76. That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of JACQUES's rights, subjected JACQUES to an illegal strip search, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

## XI. EIGHTH CAUSE OF ACTION
### Pursuant to §1983 and State Law (ILLEGAL INVENTORY SEARCH)

77. Paragraphs 1 through 76 are hereby realleged and incorporated by reference herein.

78. That Defendants conducted an inventory search of the vehicle belonging to JACQUES.

79. That Defendants had no legally sufficient cause to conduct the inventory search of JACQUES's vehicle.

80. That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of JACQUES's rights, subjected JACQUES to an illegal inventory search, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

## XI. TENTH CAUSE OF ACTION

### Pursuant to §1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

81. Paragraphs 1 through 80 are hereby realleged and incorporated by reference herein.

82. Defendants negligently and/or intentionally failed to arraign Plaintiff promptly following their arrest as required by New York State and Federal laws, rules, regulations and statutes.

83. Said failure to promptly arraign Plaintiff caused his arrest to be void ab initio.

84. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## XI. NINTH CAUSE OF ACTION
### Pursuant to State Law (PRE-ARRAIGNMENT DELAY)

85. Paragraphs 1 through 84 are hereby realleged and incorporated by reference herein.

86. Defendants negligently and/or intentionally failed to arraign Plaintiff promptly following their arrest as required by New York State and Federal laws, rules, regulations and statutes.

87. Said failure to promptly arraign Plaintiff caused his arrest to be void ab initio.

11

88.    As a result of the above constitutionally impermissible conduct, Plaintiff was caused to

       suffer personal injuries, violation of civil rights, economic damages, emotional distress,

       anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and

       standing within his community.

## XII. TENTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

89.    Paragraphs 1 through 88 are hereby realleged and incorporated by reference herein.

90.    That Defendants were acting in furtherance of the duties owed to their employer,

       Defendant CITY.

91.    That at all times Defendants were acting within the scope of their employment.

92.    That Defendant CITY was able to exercise control over Defendants activities.

93.    That Defendant CITY is liable for Defendants actions under the doctrine of respondeat

       superior. By reason of the foregoing, Plaintiff suffered physical injuries, garden variery

       emotional distress, emotional injuries, economic injury, trauma, humiliation, terror,

       damage to reputation, and

**INJURY AND DAMAGES**

       As a result of the acts and conduct complained of herein, Plaintiff have suffered and will

continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience,

injury to their reputations, loss of enjoyment of life, loss of liberty and other non-pecuniary losses.

Plaintiff have further experienced severe emotional and physical distress and loss of love, services,

consortium, affection, society and companionship.

       WHEREFORE, Plaintiff respectfully request that judgment be entered:

1.    Awarding Plaintiff compensatory damages in a full and fair sum to be determined

       by a jury;

12

2.      Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3.      Awarding Plaintiff interest from March 18, 2016 and

4.      Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC § 1988; and

5.      Granting such other and further relief as to this Court deems proper.

DATED:      Brooklyn, New York
            March 23, 2017


                                            /S
                                            _____
                                            DAVID A. ZELMAN, ESQ.
                                            612 Eastern Parkway
                                            Brooklyn, New York 11225
                                            (718)604-3072